IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CODY DENARD BEASLEY            :

    v.                         :      Civil Action No. DKC 10-0049

JAMES E. KELLY, et al.         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case are (1) a motion to dismiss filed by Defendant Prince George's County (Paper 4) and (2) a motion for bifurcation and stay of discovery filed by Defendant Prince George's County (Paper 5). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motions will be granted in part and denied in part.

I. **Background**

The following facts are alleged by Plaintiff Cody Beasley. On or about October 21, 2008, Plaintiff had a dispute with his spouse, Eresa Beasley, at her home in Hyattsville, Maryland. (Paper 1 ¶ 11). Following the dispute, Plaintiff left to go to work. (*Id.* at ¶ 12). On his way to work, Plaintiff realized he had left his phone at his spouse's residence. (*Id.* at ¶ 13). When he returned to retrieve it, Plaintiff discovered that his

spouse had called the police to report an assault and that several police officers were parked in the lot outside the residence. (*Id.*). As Plaintiff approached the residence, the officers instructed him to place his hands on his head, and then several officers, including James E. Kelley and George P. Schwaeble, handcuffed him. (*Id.* at ¶ 14).

Next, according to the complaint, the officers threw Plaintiff against the hood of a car several times, pushed him down on the sidewalk, and beat him while he was lying on the ground. (*Id.* at ¶ 15). At one point, Plaintiff was forced to sit on the curb of the sidewalk while one of the officers stood on his handcuffs and pressed Plaintiff's right hand against the concrete. As a result, Plaintiff sustained permanent nerve damage and has permanently lost feeling in his right thumb. (*Id.* at ¶ 16).

Subsequently Officers Kelly and Schwaeble attempted to take Plaintiff to police stations in Hyattsville and Upper Marlboro, but both locations refused to admit Plaintiff because he required medical attention. (*Id.* at ¶¶ 18, 19). The officers then took Plaintiff to Southern Maryland Hospital for treatment and returned him to the medical ward at the Upper Marlboro police station. (*Id.* at ¶ 20).

On January 8, 2010, Plaintiff filed a complaint against Officers James E. Kelley, Donnell F. Thomas, and George P. Schwaeble, and Prince George's County. The complaint included six counts: one count for violations of civil rights under the United States and Maryland Constitutions and five counts for Maryland common law torts. (Paper 1). Four of the counts applied to Defendant Prince George's County: count III (negligence), count IV (assault), count V (intentional infliction of emotional distress), and count VI (civil rights violations). (*Id.*) Plaintiff moved to dismiss voluntarily count III and the court granted his motion. (Papers 18 and 19). On February 18, 2010, Defendant Prince George's County filed a motion to dismiss, (Paper 4), and a motion for bifurcation of the trial and stay of discovery. (Paper 5).

**II. Motion to Dismiss**

    **A.    Analysis**

    **1.    Misnomer**

Defendant argues that Plaintiff's complaint should be dismissed because the proper party to this action is "Prince George's County, Maryland" and not "Prince George's County." (Paper 4, Attach. 1, at 2). "As a general rule the misnomer of a corporation in a notice, summons . . . or other step in a judicial proceeding is immaterial if it appears that [the

3

corporation] could not have been, or was not, misled." *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947). The court noted that:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*Id.* The proper Defendant in this case is Prince George's County, Maryland. Defendant was correctly identified in the summons (Paper 2) and properly served, and, thus, was not misled by the misnomer in the complaint itself. Therefore, Defendant's motion to dismiss on this ground will be denied.

### 2. Governmental Immunity

Defendant argues that it is immune from liability on counts IV (assault) and V (intentional infliction of emotional distress) under the doctrine of governmental immunity. (Paper 4, Attach. 1, at 3-4). Plaintiff responds that governmental immunity does not apply because Prince George's County may be held liable for these torts under a theory of *respondeat superior*. (Paper 13 ¶ 5).

Under Maryland law, municipal entities are generally immune from common law tort suits when engaged in governmental, as

4

opposed to private or proprietary, acts. *Nam v. Montgomery County*, 127 Md.App. 172, 182 (1999); *DiPino v. Davis*, 354 Md. 18, 47-48 (1999).[1] In *DiPino*, the plaintiff sued both a police officer and the City of Ocean City for false imprisonment, malicious prosecution, and abuse of process after he was arrested for hindering a drug investigation. *DiPino*, 354 Md. at 24-26. The charges against the plaintiff were subsequently dropped. *Id.* at 26. The Court of Appeals of Maryland held that the City of Ocean City was not liable to the plaintiff because the officer was purporting to enforce the state criminal law when the alleged tortious conduct occurred, a function that is quintessentially governmental in nature. *Id.* at 48.

The United States Court of Appeals for the Fourth Circuit followed the reasoning of *DiPino* in *Gray-Hopkins v. Prince George's County*, 309 F.3d 224, 234 (4th Cir. 2002), when it held that Prince George's County enjoyed governmental immunity with respect to tort claims seeking to impose *respondeat superior* liability on the county for the intentional torts of its on-duty police officers. *See also Vincent v. Prince George's County*,

---

[1] Municipal governments are not immune from claims asserting Maryland constitutional violations, public nuisance, or breaches of federal or statutory law. *Hous. Auth. of Baltimore City v. Bennett*, 359 Md. 356, 359-360 (2000). Because Defendant has not sought dismissal of the constitutional violations Plaintiff asserted in count VI, none of these exceptions is applicable.

157 F.Supp.2d 588, 595 (D.Md. 2001)(holding that Prince George's County, Maryland was immune from common law tort claims asserted against it based on torts committed by its police officers.)

Here, Prince George's County is a county and political subdivision of the State of Maryland. Md. Ann. Code art. 25A, § 1 (2010). During the events described in the complaint, Officers Kelly, Thomas, and Schwaeble were acting within the scope of their employment as police officers for Prince George's County and thus were performing governmental functions.[2] Therefore, Defendant's motion to dismiss will be granted as to counts IV and V of Plaintiff's complaint.

**III. Motion to Bifurcate and Stay Discovery**

    **A.    Standard of Review**

Under Fed.R.Civ.P. 42(b), the court may, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," order separate trials of any claims or issues. The court has broad discretion in deciding whether to bifurcate claims for trial, and the exercise of that discretion will be set aside only if clearly abused.

---

[2] Plaintiff concedes this point by arguing that the doctrine of *respondeat superior* applies. (Paper 13 ¶ 5). Contrary to Plaintiff's assertion, however, *respondeat superior* liability does not supersede governmental immunity.

*Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993), *cert. denied,* 510 U.S. 915 (1993).

### B. Analysis

Defendant seeks to bifurcate Plaintiff's claims so that his claims against the police officers would be resolved first, followed by any remaining claims against Prince George's County. (Paper 5 ¶ 5). Defendant also seeks a stay of discovery concerning its liability pending the outcome of the claims against the officers. (*Id.* at ¶ 7). Defendant argues that bifurcation and a discovery stay would be more efficient because a jury verdict finding the officers not liable in the first trial would obviate the need for a second trial and because the burden of proof necessary to establish municipal liability will be significantly higher. (*Id.* at ¶ 6). Plaintiff does not oppose this motion. (Paper 16 ¶ 2).

The determination of whether bifurcation is appropriate is fact specific. *Dawson v. Prince George's County*, 896 F.Supp. 537, 539 (D.Md. 1995). Bifurcation is fairly common in Section 1983 cases where a plaintiff has asserted claims against individual government employees as well as the municipal entity that employs and supervises these individuals. *Id.* at 539; *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318 (D.Md. 1991). Under § 1983, municipalities are directly liable for

7

constitutional deprivations only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978); *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987), *cert. denied*, *City of Fayetteville v. Spell*, 484 U.S. 1027 (1988). Municipal liability in this context is thus dependent on an initial finding that a government employee violated a plaintiff's constitutional rights. *Dawson*, 896 F.Supp. at 540. These cases are good candidates for bifurcation because when no government employees are found liable, no subsequent trial of the municipality is necessary. *Id.* In addition, bifurcation allows the court to isolate evidence regarding municipal policies and customs, such as prior incidents of police brutality and policymakers' reactions to such incidents, which is relevant under the *Monell* analysis but would be highly prejudicial to the individual government employees. *Id.*

The only remaining count asserted against Prince George's County is the civil rights claim under § 1983 and the Maryland Constitution (count VI). Bifurcation of this claim and a stay of related discovery would expedite the case and not prejudice either party. Therefore, Defendant's motion will be granted.

8

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted in part and denied in part. Defendant's motion to bifurcate and stay discovery will be granted. A separate Order will follow.

                                                      /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge